2022 IL App (2d) 210320-U
No. 2-21-0320
Order filed June 1, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-CF-2737 |
| DEMARIO B. THOMPSON, | ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Schostok and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in summarily dismissing defendant's postconviction petition.  Affirmed.

¶ 2    Defendant, Demario B. Thompson, appeals the trial court's summary dismissal of his postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)).  For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                              A. Trial and Direct Appeal

¶ 5    On October 19, 2016, defendant was charged by complaint, and, on October 22, 2016, he

was arrested. On November 1, 2016, defendant moved for substitution of judge as of right, on November 2, 2016, he was charged by indictment, and, on November 9, 2016, demanded a speedy trial. On January 9, 2017, and February 23, 2017, respectively, defendant filed motions to continue trial. The court granted the motions and, each time, attributed the time to defendant. On April 7, 2017, the State noted that a material witness in case No. 2016-CF-2737 had not been located, so it filed a notice of election to instead proceed on case No. 2017-CF-709 (both cases against defendant). Defendant objected, arguing that the State was changing its election as subterfuge to toll the speedy-trial term on case No. 2016-CF-2737, and, on April 10, 2017, he moved to continue trial. On May 18, 2017, however, the State filed another notice of election, changing back to case No. 2016-CF-2737. After discussion, the State agreed that time from May 18, 2017, to May 22, 2017, would be attributable to it, while defendant agreed that time from May 22, 2017, to June 12, 2017, would be attributable to him. On June 12, 2017, the day trial was to commence, however, defense counsel moved to dismiss the charges "based on speedy trial grounds," alleging that more than 120 days had elapsed since October 19, 2016, with more than 120 of the elapsed days attributable to the State. The State filed a response, the parties argued the motion at length to the court in the morning, with defense counsel arguing, in part, which days and periods he believed were attributable to each side, and the court reserved decision until that afternoon. Ultimately, the court announced that it had independently reviewed the record and performed calculations of the dates and number of days that had passed that were attributable to each side. Indeed, it discussed at length the record, what periods were attributable to each side, and noted that it found no subterfuge but, even if, worst-case, the State's election did *not* toll the speedy-trial period, there were *still* not more than 120 days attributable to it. The court denied the motion to dismiss, and the case proceeded to trial on case No. 2016-CF-2737.

¶ 6    The jury ultimately convicted defendant of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2016)) and aggravated discharge of a firearm into a building (720 ILCS 5/24-1.2(a)(1) (West 2016)). The trial court denied defendant's motion for a new trial. Prior to the sentencing hearing, the trial court asked defendant if he was satisfied with defense counsel's representation and he replied, "Yes, sir." The court sentenced defendant to consecutive terms of 75 years' imprisonment for first-degree murder and 15 years' imprisonment for aggravated discharge of a firearm into a building. It denied defendant's motion to reconsider. Defendant then filed a motion alleging ineffective assistance of trial counsel based on counsel's handling of certain witnesses. Pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), the court conducted a preliminary inquiry into defendant's claims, but ultimately denied them.

¶ 7    On direct appeal, defendant challenged only whether the trial court committed reversible error during the *Krankel* hearing by ruling on the merits of the ineffective-assistance claims and, on April 13, 2020, we rejected defendant's arguments. See *People v. Thompson*, 2020 IL App (2d) 170945-U. In doing so, we noted that, during the *Krankel* hearing, the court asked defendant multiple times whether he had any *other* claims to raise or anything else he wished to say about his allegations. *Id.* ¶ 25. We also noted that defendant had represented to the trial court that, despite his ineffective-assistance claims, he continued to want the same trial attorney to represent him in another pending case. *Id.* n.2. Finally, we noted that the trial court's ruling was based, in part, on its knowledge of the overall evidence, as well as counsel's performance at trial. *Id.* ¶ 34.

¶ 8                        B. Postconviction Proceedings

¶ 9    On April 7, 2021, defendant *pro se* filed a postconviction petition, raising four overarching claims involving his right to a speedy trial under the constitutions of the United States (U.S. Const., amend. VI), and Illinois (Ill. Const.1970, art. I, § 8), as well as section 103-5 of the Code of

Criminal Procedure of 1963 (Code) (725 ILCS 5/103-5 (West 2014)). First, he asserted that the State failed to bring him to trial within 120 days of his being brought into custody. Second, defendant alleged trial counsel was ineffective, where counsel challenged the State's failure to bring defendant to trial within 120 days by proffering an unsupported subterfuge argument. Third, defendant alleged that the trial court violated his due process rights where it failed to take judicial notice of its own records to determine whether defendant's right to a speedy trial was violated. Finally, defendant argued that he received ineffective assistance of appellate counsel where counsel failed to argue on appeal any of the foregoing issues. Defendant attached exhibits to his petition, including a letter that his appellate counsel wrote to him, explaining why he would not pursue a speedy-trial claim. That letter, dated June 21, 2019 (*i.e.*, shortly before filing defendant's opening appellate brief), written by Lucas Walker, from the Office of the State Appellate Defender, explained,

> "I received your letter in which you express your desire for a speedy trial issue to be raised on appeal. After reviewing the record[,] I do not believe that is a good issue. First, you filed your motion to substitute judge very early in the proceedings so the time taken up from the filing of that motion is attributed to you, the defendant, because you were not forced to choose between the right to substitute a judge and the right to a speedy trial by having to file the motion to substitute at the end of the speedy trial period. See *People v. Weddell*, 405 Ill. App. 3d 424, 441-42 (2d Dist. 2010) (['] the key question is whether, upon being forced to choose between the two competing rights, it is clear that the defendant's motion to substitute did not cause an unavoidable delay[']). In one of your prior letters[,] you attribute time to the State for electing on another case and then changing its election back to this case. But the case law is clear that the State can elect on other cases

and when it does so the speedy trial time is tolled on the case put on hold absent a showing of subterfuge on behalf of the State. See *People v. Kliner*, 185 Ill. 2d 81, 124 (1998) (State can change election and absent subterfuge the speedy trial clock is tolled on one case when State elects on another); *People v. Beard*, 271 Ill. App. 3d 320, 328 (1st Dist. 1995) (time tolled where State changed its election three times). Here, the State elected on another one of your cases because it could not locate a material witness, Corlisha Davis, in this case. Indeed, at trial, Davis testified that she witnessed you shoot the victim and therefore she was certainly a material State witness. I cannot argue there was subterfuge on behalf of the State for electing on another case while they located Davis.

\*\*\*

I know you may be disappointed that I do not think the issues you want raised have any merit."

¶ 10    On May 20, 2021, in an eight-page written decision, the trial court dismissed defendant's petition as frivolous and patently without merit. Preliminarily, the court noted that defendant did not allege in his pleading a calculation of what he believed to have been the time attributable to the defense and to the State as of June 12, 2017 (the start of trial). In addition, the court noted that defendant's claims against trial counsel were part of the record, he was given a full and fair opportunity to identify all ineffective-assistance claims before filing his notice of appeal, and he did not raise any claims related to his speedy-trial rights. Similarly, the court found defendant's claim that it failed to take judicial notice of its own records to determine whether his speedy-trial rights were violated also could have been raised on direct appeal, "especially in light of the fact that the speedy[-]trial issue was fully litigated prior to the commencement of [defendant's] jury trial."

¶ 11    The court next found that the record affirmatively rebutted defendant's claims against trial counsel. Specifically, in November 2017, defendant had filed a *pro se* motion alleging ineffective assistance of counsel, a preliminary *Krankel* hearing was conducted, and defendant was given the opportunity to argue those claims, which concerned only counsel's actions taken with respect to two witnesses. Prior to his direct appeal, the court asked defendant multiple times if he had any other claims or anything else to say about his allegations against counsel, and it provided defendant with an open-ended opportunity to add any claims to the record. He did not do so. The court opined that defendant likely did not raise those claims because he recalled that those issues had been litigated up to and including the day his jury trial commenced. The court reiterated that the issue whether defendant's speedy-trial rights had been violated was litigated and was the subject of defense counsel's motion to dismiss. Thus, the record affirmatively rebutted any claim that counsel did not assert, litigate, or argue that defendant's speedy-trial rights had been violated. It found that all postconviction claims pertaining to speedy trial failed because they could have been raised on direct appeal. The court also found that, "[a]t this point, any claim that trial counsel was ineffective for failing to argue that [defendant's] speedy[-]trial right had been violated has been waived."

¶ 12    As to defendant's ineffective-assistance claim concerning appellate counsel's failure to raise speedy-trial issues on direct appeal, the court noted that the claim was rebutted by counsel's letter that defendant had attached to his postconviction petition, which reflected that appellate counsel was familiar with the issues, evaluated them, and made an independent strategic decision to not raise on appeal the issues that he believed lacked "any merit." The court concluded that this was a decision well within appellate counsel's authority. Based upon its review of the entire

record, the court found that defendant's postconviction petition lacked an arguable basis in either law or in fact and, accordingly, dismissed the petition. Defendant appeals.

¶ 13                                II. ANALYSIS

¶ 14    Defendant argues that the trial court erred in summarily dismissing his petition. He contends the court ignored that his ineffective-assistance claims concerning both trial and appellate counsel was based on their focus on an unsupported subterfuge argument, as opposed to simply arguing that he was in custody without trial for more than 120 days. In addition, defendant contends that the trial court's relatively lengthy, detailed order went far beyond the limited scope of review applicable to first-stage proceedings and, instead, the court had performed fact-weighing analysis more appropriate to second- or third-stage postconviction proceedings. Defendant asserts that his petition set forth a reasonable, nonfanciful argument that he was in custody longer than allowed without adjudication. Defendant also argues to this court the merits concerning whether he was held in violation of section 103-5(e) of the Code (725 ILCS 5/103-5(e) (West 2014)). For the following reasons, we reject defendant's arguments.

¶ 15    A postconviction proceeding is a collateral proceeding, allowing review of constitutional issues that were not, and could not have been, adjudicated on direct appeal. See *People v. Ortiz*, 235 Ill. 2d 319, 328 (2009). Issues that were raised and decided on direct appeal are barred by *res judicata*, while issues that could have been raised, but were not, are considered forfeited. *Id.* Proceedings under the Act generally involve three stages and, as relevant here, to survive the first stage, the petition must present the gist of a constitutional claim that is not frivolous or patently without merit. See, *e.g.*, *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). Specifically, "a *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in

law or in fact." *Id.* at 12. Further, a petition lacks an arguable basis in law or fact when "based on an indisputably meritless legal theory or a fanciful factual allegation. An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id.* at 16.

¶ 16    When assessing whether ineffective-assistance claims raised at the first stage of postconviction proceedings are sufficient to survive summary dismissal, we are guided by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance was prejudicial. *Id.* at 687-88. At the first stage of postconviction proceedings, a petition alleging ineffective assistance may not be summarily dismissed if it is arguable that (1) counsel's performance fell below an objective standard of reasonableness, and (2) the defendant was prejudiced. See *Hodges*, 234 Ill. 2d at 17. We review *de novo* a first-stage dismissal of a postconviction petition. See, *e.g.*, *People v. Edwards*, 197 Ill. 2d 239, 247 (2001).

¶ 17    Addressing first defendant's claims that his speedy-trial rights were violated, that his trial counsel erred by raising a subterfuge argument to dismiss the charges, instead of a substantive constitutional or statutory speedy-trial argument, and that the court erred in not taking judicial notice of the record to assess defendant's speedy-trial claim, we agree with the trial court that these arguments are forfeited. As noted, postconviction proceedings are limited to those constitutional issues that were not, and *could not*, have been raised on direct appeal. See *Ortiz*, 235 Ill. 2d at 328. The record reflects that defendant demanded a speedy trial and, over the course of proceedings, objected to the State's change of election as it implicated his speedy-trial rights, and trial counsel also moved to dismiss the indictment on that basis. The court held a hearing on the motion and, on the record, explained that it had performed an independent calculation of the dates

and days attributable to each party. Therefore, although trial counsel's strategic choice of argument was one of subterfuge, the entire point of the motion was that the State's change of election impaired defendant's speedy-trial rights, and the trial court addressed that issue and independently considered the record to do so.

¶ 18    In addition, defendant filed *pro se* an ineffective-assistance motion and the trial court conducted a preliminary *Krankel* inquiry: despite ample opportunity to argue his ineffective-assistance claims and an explicit opportunity to *add* claims, if he wished, defendant never raised an argument that trial counsel was ineffective in his method of advocating for defendant's speedy-trial rights. Simply put, defendant's speedy-trial claim, his claim that the court should have *sua sponte* taken judicial notice of the record to assess whether his speedy-trial rights had been violated, and his ineffective-assistance claims against trial counsel were all matters of record that could have been raised on direct appeal. They were not, and, thus, they are forfeited.

¶ 19    As to appellate counsel, defendant argues that the court erred in finding that appellate counsel's letter, attached to the postconviction petition and which explained his rationale for not pursuing a speedy-trial claim on appeal, defeated the ineffective-assistance claim. He notes that appellate counsel chose not to raise the claim, but only based on his assessment that the *subterfuge* argument was meritless. In contrast, defendant argues, appellate counsel should have raised a claim that defendant's speedy-trial rights were violated due to the length of his incarceration before trial commenced and that trial counsel was ineffective for not raising that argument below. We disagree.

¶ 20    Again, to survive summary dismissal, we must determine whether it is arguable that appellate counsel's performance fell below an objective standard of reasonableness (see *Hodges*, 234 Ill. 2d at 17) which, here, we cannot find. It is clear from appellate counsel's letter that, while

he addressed the subterfuge argument, he *also* considered a speedy-trial claim generally, and he concluded that such a claim would be meritless, in part, due to the days that would have been attributable to defendant and the days that would *not* have been attributable to the State. "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence for counsel to refrain from raising issues that, in his or her judgment, are without merit ***. Appellate counsel's choices concerning which issues to pursue are entitled to substantial deference." *People v. Borizov*, 2019 IL App (2d) 170004, ¶ 14. Here, as reflected in the letter, appellate counsel clearly performed an analysis of the viability of a speedy-trial claim and reasoned that such a claim would be meritless. It is not arguable that his performance in that assessment fell below an objective standard of reasonableness.

¶ 21    Finally, we reject defendant's suggestion that the trial court performed fact-finding and gave too much consideration to his first-stage petition. The court here did not perform fact finding, rather it properly considered whether the petition's allegations were frivolous because they were forfeited or directly contradicted by the record and correctly dismissed the claims on those bases. See, *e.g.*, *Hodges*, 234 Ill. 2d at 12.

¶ 22                                III. CONCLUSION

¶ 23    For the reasons stated, the judgment of the circuit court of Winnebago County is affirmed.

¶ 24    Affirmed.